UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
TRUSTEES OF THE NEW YORK CITY DISTRICT                                  :
COUNCIL OF CARPENTERS PENSION FUND,                                     :    12 Civ. 1533 (PAE)
WELFARE FUND, ANNUITY FUND,                                             :
APPRENTICESHIP, JOURNEYMAN, RETRAINING,                                 :    OPINION & ORDER
EDUCATIONAL AND INDUSTRY FUND et al.,                                   :
                                                                        :
                                    Plaintiffs,                         :
                                                                        :
                    -v-                                                 :
                                                                        :
PALADIN CONSTRUCTION CORP.,                                             :
                                                                        :
                                    Defendant.                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

　　　This case arises out of a collective bargaining agreement between the parties. Plaintiffs are the Trustees of the New York City District Council of Carpenters Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Fund (the "ERISA Fund"), the Trustees of the New York City District Council of Carpenters Charity Fund (the "Charity Fund"; together with the ERISA Fund, the "Funds"), and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America (the "Union"; together with the Funds, "plaintiffs"). Defendant Paladin Construction Corp. ("Paladin") is an employer who is a signatory of the collective bargaining agreement with the Union.

　　　Plaintiffs seek to (1) confirm two arbitration awards in their favor (Claims One and Two); (2) enforce an order of the United States Bankruptcy Court for the Eastern District of New York (Claim Three); and (3) collect unpaid contributions from Paladin due under the collective bargaining agreement and the Employment Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. § 1145 (Claim Four).  Plaintiffs now move for summary judgment.  Paladin has not opposed their motion.  For the reasons that follow, that motion is granted in part.

## I.     Background[1]

On July 1, 2001, Paladin entered into a collective bargaining agreement with the Union. *See* Capurso Decl. Ex. A (the "CBA").  The agreement covered all carpentry work within the trade and geographical jurisdiction of the Union.  Pl. 56.1 ¶ 7; CBA art. II § 2.  By its terms, it was to be effective through June 30, 2006, and thereafter to renew automatically for one-year terms, unless either party sought to modify or amend it.  CBA art. XIX; Pl. 56.1 ¶ 12.  Paladin has "not provide[d] written notice indicating a desire to negotiate a new contract or modify or amend the CBA."  Capurso Decl. ¶ 15.

As part of the CBA, Paladin was required to make regular contribution payments to the Funds, based on the number of hours worked by its employees.  CBA art. XV.  The CBA sets out specific amounts to be contributed by Paladin to each constituent fund.  *Id.* § 2.

As an enforcement mechanism, the CBA provides for audits by the Union to verify independently that proper contributions have been made.  *Id.* § 1.  The CBA further provides that any dispute as to payment of these contributions is to be resolved through an arbitrator; in the agreement, the parties designated four potential impartial arbitrators.  *Id.* § 7.  Finally, the CBA includes a provision that awards, in addition to any unpaid contributions, "interest at the prime rate of Citibank plus 2%," plus "an amount equal to the greater of -- (a) the amount of the interest charges on the unpaid contribution as determined in the above, or (b) liquidated damages

---

[1] The Court's account of the underlying facts of this case is drawn from plaintiffs' submissions in support of the instant motions—specifically, the Declaration of Paul Capurso ("Capurso Decl.") (Dkt. 20) and attached exhibits; the Declaration of Luke Powers ("Powers Decl.") (Dkt. 21) and attached exhibits; the Declaration of Richard B. Epstein ("Epstein Decl.") (Dkt. 22) and attached exhibits; and Plaintiff's Local Rule 56.1 Statement of Material Fact ("Pl. 56.1") (Dkt. 19). Citations to a party's 56.1 Statement incorporate by reference the documents cited therein.

of 20% of the amount of the unpaid contributions," plus "reasonable attorney's fees and costs of the action." *Id.* § 6.

## II. Discussion

### A. Unopposed Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant

of 20% of the amount of the unpaid contributions," plus "reasonable attorney's fees and costs of the action." *Id.* § 6.

## II. Discussion

### A. Unopposed Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant

y

of 20% of the amount of the unpaid contributions," plus "reasonable attorney's fees and costs of the action." *Id.* § 6.

## II. Discussion

### A. Unopposed Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant

the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . .").

### B.   The Arbitration Award

#### 1.  Facts

Pursuant to the CBA, plaintiffs audited Paladin's books for the period between April 3, 2010, and December 28, 2010.  This audit established delinquencies.  Pl. 56.1 ¶ 13.  Paladin refused to pay; plaintiffs sought arbitration.  A later audit, for the period between December 29, 2010, and December 27, 2011, uncovered additional delinquencies, for which the plaintiffs also sought arbitration.

Plaintiffs seek to enforce two separate arbitration awards.  The first, dated February 3, 2012, found Paladin delinquent in not providing fringe benefit monies due under the CBA. Powers Decl. Ex. D.  The arbitrator awarded plaintiffs $16,346.14, which included interest, liquidated damages, attorneys' fees, and other costs. *Id.* at 3.

The second, dated May 21, 2012, found additional delinquencies for the following year. Powers Decl. Ex. F.  The arbitrator awarded plaintiffs $244,494.68, which included interest, liquidated damages, attorneys' fees, and other costs. *Id.* at 3.

Both arbitrations took the form of default hearings, because Paladin, despite being given notice, failed to appear.  *See id.* Ex. B, E; Pl. 56.1 ¶¶ 17, 23.  The Funds have not been paid the amount awarded them in arbitration.  Powers Decl. ¶¶ 5, 7.

#### 2.  Confirmation of Awards

The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008).  "Normally, confirmation of an

arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576.  Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).  "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent Second Circuit cases).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

Here, although Paladin has not responded to the summary judgment motion, a remedy in plaintiffs' favor in the form of a default judgment is inappropriate.  The Second Circuit has made clear that the default judgment procedure set by Federal Rule of Civil Procedure 55 "does not operate well in the context of a motion to confirm or vacate an arbitration award." *D.H. Blair*, 462 F.3d at 107.  "While Rule 55 is meant to apply to situations in which only a complaint has

been filed 'and the court thus has only allegations and no evidence before it,' 'a motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015 (RJH), 2011 WL 5103349, at *3 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *D.H. Blair*, 462 F.3d at 109).

Therefore, "generally a district court should treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. Thus, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Accordingly, the Court treats petitioners' motion as one for summary judgment under Rule 56, rather than for default judgment under Rule 55.

On the basis of the arbitral awards, and on the very limited review that is appropriate, the Court concludes that plaintiffs have shown that there is no material issue of fact for trial. The arbitrator was acting within the scope of the authority granted him by the parties. *See* CBA Art. XV § 10. There is at least, and by all indications more than, a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms both awards in favor of plaintiffs, for a total amount of $260,840.82, plus interest.

### C. Bankruptcy Plan of Reorganization

In an Order dated July 10, 2008, the Honorable Jerome Feller, United States Bankruptcy Judge in the Eastern District of New York, confirmed an amended Chapter 11 plan of reorganization for Paladin. *See* Powers Decl. Ex. G. The plan provides that Paladin shall make monthly payments in the amount of $767.16 to "NYC Dist. Counsil [*sic*] Carpenter." *Id.* at 6. The payments are classified as a "priority" claim. *Id.* The Funds have not received any of these payments, which total $36,823.68. Powers Decl. ¶ 9.

Although plaintiffs have put forward evidence that, under the confirmed Order, Paladin has defaulted on monthly payments due to the plaintiffs, they have not sufficiently supported their request for *this* Court to enforce that plan. The Order of the Bankruptcy Court confirming the reorganization plan states that "[i]n accordance with Fed. R. Bankr. P. 3020(d), the Court retains jurisdiction post-confirmation to issue any order necessary to administer the estate." Powers Decl. Ex. G ¶ 2. In an attempt to defeat this reservation of jurisdiction, plaintiffs cite only to 28 U.S.C. § 1334, which states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.

Because the Bankruptcy Court expressly retained its jurisdiction, and there is no indication that plaintiffs have sought relief in that forum, the Court will not disturb the terms of the Order.[2] Accordingly, plaintiffs' motion for summary judgment as to that claim is denied, without prejudice to plaintiffs' ability to pursue their claims in Bankruptcy Court, or, upon a

---

[2] On the record before it, the Bankruptcy Court appears to have a basis for post-confirmation jurisdiction over this issue: The nonpayment of the monthly payments to plaintiffs has a "close nexus" to the plan, and the plan expressly provides for retention of jurisdiction. *See In re Park Ave. Radiologists, P.C.*, 450 B.R. 461, 467–68 (Bankr. S.D.N.Y. 2011) (enumerating requirements for post-confirmation jurisdiction); *see also Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 230 (2d Cir. 2002); 11 U.S.C. § 1142.

7

proper showing that this Court is an appropriate forum notwithstanding the Bankruptcy Court's retention of jurisdiction, in this Court.

### D. Unpaid Contribution Payments

Finally, plaintiffs seek additional unpaid contribution payments, for which there is no arbitration award. Under the terms of the CBA, Paladin must remit contributions for all hours worked within the trade and geographical jurisdiction of the Union. CBA art. XV. Such contributions are authorized by ERISA. *See* 29 U.S.C. § 1145. Paladin has failed to remit such contributions for the period between January 2, 2012, and February 28, 2012, and the Funds have not received contributions for that period. Powers Decl. ¶ 12; Pl. 56.1 ¶¶ 26–27. According to Paladin's records, plaintiffs are owed $42,479.96. *See* Powers Decl. Ex. H.

There is no material dispute of fact for trial. Accordingly, the Court grants summary judgment to plaintiffs on Claim Four.

In addition to the principal amount of unpaid contributions, ERISA and the CBA each require that Paladin pay interest, liquidated damages, and fees:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).  Article XV § 6 of the CBA provides for an interest rate of "the prime rate of Citibank plus 2%," and "liquidated damages of 20%."  CBA Art. XV § 6.  The Court awards plaintiffs those additional amounts as well.

### E. Attorneys' Fees

Finally, plaintiffs seek reasonable attorneys' fees and costs.  The CBA provides that, "in the event that formal proceedings are instituted . . . to collect delinquent contributions" to the Funds, "reasonable attorney's fees and costs of the action" shall be awarded.  CBA art. XV § 6.  ERISA, too, provides that reasonable attorneys' fees are to be paid by the defendant.  *See* 29 U.S.C. § 1132(g)(2).  Neither provision affords the Court discretion:  In an enforcement action brought by an ERISA plan under § 1145 for unpaid contributions and accrued interest, in which the plan receives a judgment in its favor, fees and costs are mandatory.  *Labarbera v. Clestra Hauserman, Inc.*, 369 F.3d 224, 226 (2d Cir. 2004).

Accordingly, the Court awards plaintiffs reasonable attorneys' fees and costs, to be determined by the Court after submissions by the parties if the parties cannot agree among themselves as to this figure.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part plaintiffs' unopposed motion for summary judgment.  On Claims One, Two, and Four, summary judgment is granted to plaintiffs.  On Claim Three, summary judgment is denied, without prejudice to plaintiffs' ability to pursue this claim in Bankruptcy Court or, in the event plaintiffs can show that this Court is an appropriate forum to resolve this claim, in this Court.

Judgment is awarded in the amount of:

    Claim One:  $16,346.14, with interest at the rate of 5.25% from February 3, 2012.

>Claim Two: $244,494.68, with interest at the rate of 5.25% from May 21, 2012.
>
>Claim Four: $42,479.96, with interest at the rate of 5.25% (the prime rate of Citibank plus 2%) from February 28, 2012, plus liquidated damages of $8,495.99 (20% of the principal).

The parties are directed to submit a letter setting out, in detail, their views as to how the parties wish to proceed as to attorneys' fees. Plaintiffs' letter is due by June 17, 2013. Defendant's letter in response, if any, is due by June 24, 2013.

SO ORDERED.

*Paul A. Engelmayer* (signature)

Paul A. Engelmayer
United States District Judge

Dated: June 10, 2013
      New York, New York